## Clinton and Norton *against* Hart.

THIS was an action of *debt* on a bond, with a special condition. The cause was tried before Mr. Justice *Livingston* at the *New-York sittings*, on the 3d *January*, 1805.

The defendant executed a bond to the plaintiffs, on the 2d *June*, 1797, for the penal sum of £.3520  After reciting that the defendant had, for the consideration of £.760 on the 2d *June*, 1797, conveyed by indenture a certain parcel of lands to the plaintiffs, and that by omissions and errors in the description of the premises contained in the title-deeds of the defendant, the deeds were defective and uncertain, so that it did not appear that he had any title to 3520 acres, parcel of the premises, the *condition* of the bond declared, that if the defendant within six months from the date thereof, should procure to be made a good and sufficient title in fee simple, &c. for the said 3520 acres, to the plaintiffs, their heirs and assigns, &c. from all persons claiming any right or title in the premises, and free from incumbrances, &c. then the bond was to be void, &c.

The defendant pleaded *non est factum*, upon which issue was joined, and the plaintiffs, according to the statute, entered their suggestion upon the roll, that the bond was upon condition, which they set forth, and assigned the breaches that the defendant did not within six months, &c. procure such a title, &c.

On the trial of the cause, the defendant offered in evidence his discharge under the insolvent act of this state. The counsel for the plaintiffs objected to the evidence, as the discharge could not bar their demand. The judge admitted the evidence, though he expressed an opinion that the certificate did not bar the demand of the plaintiffs. The discharge was in the usual form, and given on the 2d *November*, 1799.

It appeared in evidence, though objected to, that the defendant, when he applied for his discharge, did not repre-

H executed a bond in a penal sum to C & N, conditioned to procure, within six months, certain conveyances to be executed and recorded, so as to perfect the title to certain lands conveyed by H to C & N. Two years after the bond had become forfeited, H became insolvent, and obtained his discharge under the insolvent act. In an action brought against him afterwards, on this bond, it was held that it was a debt proveable under the act, and that the insolvent was discharged from it.

sent the demand of the plaintiffs among the debts due and owing by him ; and that the debts of the petitioning creditors exceeded three-fourths of the debts due by the defendant only 120 dollars.

The jury found a verdict for the plaintiffs, and assessed the damages on the breaches assigned, to 6771 dollars and 33 cents, being the amount of the consideration money with interest.

On a case in which the above facts were stated, the defendant moved for a new trial. 1. Because the discharge under the insolvent act was a legal bar to the demand of the plaintiffs ; and evidence to destroy the effect of that discharge was improperly admitted. 2. That the rule of damages laid down by the judge, and adopted by the jury, was incorrect.

*Evertson,* for the defendant. Courts are always disposed, so far as is consistent with established principles, to include all debts within the insolvent's discharge. The present debt is certainly within the reason of the cases that have been decided on this point ; the bond was forfeited two years before the defendant was discharged. If a bond be forfeited, though no damages be incurred or liquidated, the debt may be proved under the commission of bankruptcy ; and if it can be proved, it is discharged by the certificate.[*] Lord *Kenyon* adopted the distinction of lord *Hardwicke,* in the case *ex parte Groome* ;[†] if a bond be forfeited at law, though in equity the money is not then payable, the court will avail itself of the debt at law, to protect the party who is in conscience entitled. Though the sum which the party ought to pay be *uncertain,* still, if there be a legal *remedy* before the bankruptcy happens, the debt may be proved under the commission[‡]. So in the case of a bail-bond forfeited, lord *Mansfield* decided, that though the party was liable for no more than the damages, yet there being *a debt due,* it was discharged by the bankrupt's certificate.[§] So where a *bond* is given to replace stock at a particular day, if forfeited before the bankruptcy, the debt may be proved, though the rule of damages must be the price of stock on the day. In

*[*] 7 Term, 97.
*Hodgson v. Bell.*
[†] 1 *Atkyns,* 116.*

*[‡] 3 Term, 564.
Utterson v. Vernon.*

*[§] Cowper, 25.
Golding v. Barlow.*

case of a covenant of warranty in a deed, it has been already settled by this court, that the rule of damages is the consideration money and interest ;* and the rule in the present case is precisely the same. The language of the insolvent law, and of the law relative to bankrupts, is the same in regard to what debts are to be discharged. The case of *Hatten* v. *Speyer*† in this court, was a special action on the case for the misconduct of an agent, who had received money of his principal to be laid out in a particular manner, and the principal and interest being considered as the clear rule of damages, the bankrupt was held to be discharged.

*Sanford and Harison*, for the plaintiffs. The only question is, whether the defendant is discharged from the debt. It is agreed on all hands, that if the debt could have been proved, it was discharged. To make a debt proveable, it must be such a debt as the creditor can swear to. If the amount or real debt depend on extraneous circumstances of which the creditor is ignorant, he cannot make the affidavit. The petitioning creditors are required by the act, to make oath to the amount of the debts due to them. How can the party swear to a penalty? If he cannot make affidavit, he cannot prove his debt. The cases cited, were those in which the party could prove a precise debt, by calculation, according to a settled rule. In regard to annuity-bonds, stock to be delivered, &c. the English courts have settled rules of calculation, by which the amount can be ascertained. There is an established criterion, that cannot be varied by any acts of the party. In the case of *Hodgson* v. *Bell*, there was an indemnity bond for the precise sum due, and the creditor must have been able, from his own knowledge, to swear to the amount. It does not appear from the case of *Golding* v. *Barlow*, what was the nature of the original suit, whether debt, case, or tort; it must, however, as the party was held to bail, have been for as um certain, since the creditor, by the stat. of *George* II. is required to make affidavit of his debt, before he can hold the defendant to bail. In the case of *Hatten* and *Speyer* also, there was a sum certain, a clear rule of damages, the principal and interest due to the plaintiff.

VOL. I.      3 D

ALBANY,
August, 1806.

Clinton & Norton
v.
Hart.

* 3 *Caines*, 111
*Staats* v. *Ten Eyck.*

† Ante, p. 37.

ALBANY,
August, 1806.

Clinton & Horton
v.
Hart.

* Cullen, 88.
110. 111.

† Cullen, 112.
and note.
1 Brown's C. C.
418.

To make a debt proveable, it must be capable of being ascertained without the intervention of a jury. Trespass for *mesne profits*, or *trover* cannot be proved before a verdict.* In cases of debts arising by forfeitures, a just distinction may be made between those which are securities *in effect* for the principal and interest of a specific sum of money, and those for the performance of some collateral act, or the enjoyment of some collateral object. In the latter case, the *damage* actually sustained, and not the penalty, ought to be considered the real debt; if so, it could not be proved, unless accertained before the bankruptcy.† There is no case, to be found where a bond of indemnity, merely collateral, has been considered as proveable. It is not the circumstance of a bond's being forfeited, that ought to make it proveable, but the contract, or nature of the condition which has been broken. Here was a condition or contract, to perform a certain thing within six months. On the face of the bond there is no rule for calculating the damages. In an action, the amount of the damages would vary according to circumstances, or evidence of the defects in the conveyance. If the defect were trifling, or affected only a small part of the land, a jury would be justified in giving small damages in proportion. The court always look to the condition of the bond, to see if it affords an invariable rule, where the sum must be payable at all events, or whether it be variable and depending on intervening circumstances. In all cases there must be a rule and basis of calculation within the power and knowledge of the plaintiff. Suppose the defendant had in fact, though unknown to the plaintiffs, procured the deeds to be executed and recorded, so as to perfect the title, they would be entitled only to nominal damages. It is, therefore, such a demand as requires the intervention of a jury. The rule taken by the jury in assessing the damages in this cause was correct, because, the defendant offered no evidence to show that he had made good the title; it was the same as if there had been a failure of title. But it does not follow from this, that the rule was certain, and must exist at all events, unchangeable

by any circumstances which the defendant might have shown to the jury.

*Evertson*, in reply. There is no dispute about principles. The difficulty is in their application. The decisions as to proving a penalty where the bond is forfeited, have, in some degree, differed; but the later adjudications are clear and positive; the case of *Hodgson* v. *Bell*, is directly in point. But waiving the penalty, the contract or condition itself furnishes a rule for ascertaining the damages, which was adopted by the jury. As the condition was not performed, there was a failure of title; and the consideration money and interest then became the measure of damage, to the amount of which the plaintiffs might have sworn. The case for *mesne profits*, is an action of *tort*, not of *contract*.

LIVINGSTON, J. delivered the opinion of the court. We are of opinion that the bond being forfeited prior to the assignment, and the sum due being capable of liquidation by the party's own oath, this demand was barred by the discharge. For aught that appears there was a total failure in the performance of the condition; and the consideration received by *Hart*, with interest, would, conformably to our decision in *Staats* v. *Executors of Ten Eyck*,* be the rule of damage. It does not appear, nor are we to suppose that circumstances existed which might vary this rule, or lessen the damages. It is sufficient to see that here was, *prima facie*, a debt susceptible of an easy liquidation; if we look farther, no demands whatever sounding in damages will be barred, because, they may vary more or less according to circumstances; and thus every claim for goods sold, or for work and labour without an agreement as to price, would still be open against the insolvent, though it is well known that the law as to them is otherwise settled.

The omission to insert the plaintiffs as creditors in the inventory is not fatal by the act under which this discharge was obtained.‡ By the last insolvent act a *fraudulent* concealment of creditors renders a discharge void; but this provision not being in the former law, it is too late now to take advantage of it. There must be a new trial with costs to abide the event.　　New trial granted.

<div style="text-align: right">

ALBANY,
August, 1806.

Clinton & Norton
v.
Hart

* 3 *Caines*, 111.

‡ *Lester* v. *Thompson* & *White*. Ante, p. 300.